FILED

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 1:13 CR 239 |
| | ) | |
| TOTAL, S.A., | ) | |
| | ) | |
| Defendant. | ) | |

## DEFERRED PROSECUTION AGREEMENT

Defendant Total S.A. ("Total"), by its undersigned attorneys, pursuant to authority granted by Total's Board of Directors, and the United States Department of Justice, Criminal Division, Fraud Section (the "Department"), enter into this deferred prosecution agreement (the "Agreement"). The terms and conditions of this Agreement are as follows:

### Criminal Information and Acceptance of Responsibility

1.  Total acknowledges and agrees that the Department will file a three-count criminal Information in the United States District Court for the Eastern District of Virginia charging (a) a conspiracy to violate the anti-bribery provisions of the Foreign Corrupt Practices Act ("FCPA"), Title 15, United States Code, Sections 78dd-1(a)(1)(B) & (a)(3)(B), in violation of Title 18, United States Code, Section 371, (b) a violation of the books and records provisions of the FCPA, Title 15, United States Code, Sections 78m(b)(2)(A), 78m(b)(5), and 78ff(a), and (c) a violation of the internal controls provisions of the FCPA, Title 15, United States Code, Sections 78m(b)(2)(B), 78m(b)(5), and 78ff(a). In so doing, Total: (a) knowingly waives its right to indictment on these charges, as well as all rights to a speedy trial pursuant to the Sixth Amendment to the United States

Constitution, Title 18, United States Code, Section 3161, and Federal Rule of Criminal Procedure 48(b); and (b) consents to the filing of the Information, as provided under the terms of this Agreement, in the United States District Court for the Eastern District of Virginia, and waives for purposes of this Agreement and any charges by the United States arising out of the conduct described in the attached Statement of Facts any objection to venue in the Eastern District of Virginia.

2. Total admits, accepts, and acknowledges that it is responsible under United States law for the acts of its officers, employees, agents, and subsidiaries as charged in the Information, and as set forth in the Statement of Facts attached hereto as Attachment A and incorporated by reference into this Agreement, and that the allegations described in the Information and the facts described in Attachment A are true and accurate. Should the Department pursue the prosecution that is deferred by this Agreement, Total agrees that it will neither contest the admissibility of nor contradict the Statement of Facts in any such proceeding, including any guilty plea or sentencing proceeding. Neither this Agreement nor the criminal Information is a final adjudication of the matters addressed in such documents.

### Term of the Agreement

3. This Agreement is effective for a period beginning on the date on which the Information is filed and ending three (3) years and seven (7) calendar days from that date (the "Term"). However, Total agrees that, in the event that the Department determines, in its sole discretion, that Total has knowingly violated any provision of this Agreement, an extension or extensions of the term of the Agreement may be imposed by the Department, in its sole discretion, for up to a total additional time period of one year, without prejudice to the Department's right to

proceed as provided in Paragraphs 16-19 below. Any extension of the Agreement extends all terms of this Agreement, including the terms of the monitorship under Paragraphs 10-13 and Attachment D, for an equivalent period. Conversely, in the event the Department finds, in its sole discretion, that there exists a change in circumstances sufficient to eliminate the need for the corporate compliance monitor described in Paragraphs 10-13 and Attachment D, and that the other provisions of this Agreement have been satisfied, the Term of the Agreement may be terminated early.

### Relevant Considerations

4. The Department enters into this Agreement based on the individual facts and circumstances presented by this case and Total. Among the facts considered were the following: (a) the related investigation by French criminal law enforcement authorities of the same conduct that forms the basis of this resolution and to which the Department has been providing assistance; (b) the evidentiary challenges presented to both parties by this matter, in which most of the underlying conduct occurred in the 1990s and early 2000s; and (c) Total's production of relevant documents from abroad and disclosure of the results of its internal investigation into the misconduct described in the Information and Statement of Facts.

5. Total shall cooperate fully with the Department in any and all matters relating to unlawful payments and related false books and records and internal controls, subject to applicable law and regulations, including French Law No. 68-678 of July 26, 1968, as amended by Law No. 80-538 of July 16, 1980 (the "Blocking Statute"). At the request of the Department, and consistent with applicable law and regulations as referenced in the preceding sentence, Total shall also cooperate fully with such other domestic or foreign law enforcement authorities and agencies,

3

as well as the Multilateral Development Banks ("MDBs"), in any investigation of Total, or any of its present and former officers, directors, employees, agents, consultants, contractors, subcontractors, and subsidiaries, or any other party, in any and all matters relating to unlawful payments, related false books and records, and inadequate internal controls, and in such manner as the parties may agree. Total agrees that its cooperation shall include, but is not limited to, the following:

    a. Total shall truthfully disclose all factual information not protected by a valid claim of attorney-client privilege or work product doctrine with respect to its activities and those of its present and former directors, employees, agents, consultants, contractors and subcontractors, and subsidiaries concerning all matters relating to unlawful payments and related false books and records and inadequate internal controls, about which Total has any knowledge or about which the Department may inquire. This obligation of truthful disclosure includes the obligation of Total to provide to the Department, upon request, any document, record or other tangible evidence relating to such unlawful payments, false books and records, or inadequate internal controls about which the Department may inquire of Total.

    b. Upon request of the Department, with respect to any issue relevant to its investigation of unlawful payments in connection with the operations of Total, related false books and records, and inadequate internal controls, Total shall designate knowledgeable employees, agents or attorneys to provide to the Department the information and materials described in Paragraph 5(a) above, on behalf of Total. It is further understood that Total must at all times provide complete, truthful, and accurate information.

c. With respect to any issue relevant to the Department's investigation of unlawful payments, related false books and records, and inadequate internal controls in connection with the operations of Total, or any of its present or former subsidiaries or affiliates, Total shall use its best efforts to make available for interviews or testimony, as requested by the Department, present or former officers, directors, employees, agents and consultants of Total as well as the officers, directors, employees, agents and consultants of contractors and subcontractors. This obligation includes, but is not limited to, sworn testimony before a federal grand jury or in federal trials, as well as interviews with federal law enforcement and regulatory authorities. Cooperation under this Paragraph shall include identification of witnesses who, to the knowledge of Total, may have material information regarding the matters under investigation.

d. With respect to any information, testimony, documents, records or other tangible evidence provided to the Department pursuant to this Agreement, Total consents to any and all disclosures, subject to applicable law and regulations, including the Blocking Statute, to other governmental authorities, including United States authorities and those of a foreign government, and the MDBs, of such materials as the Department, in its sole discretion, shall deem appropriate.

## Payment of Monetary Penalty

6. The Department and Total agree that application of the United States Sentencing Guidelines ("USSG" or "Sentencing Guidelines") to determine the applicable fine range yields the following analysis:

A. The 2012 USSG Manual sets forth the appropriate guidelines to be used in this matter.

B. <u>Base Fine</u>: Based upon USSG § 8C2.4 and USSG § 2C1.1(d)(1)(B), the base fine is $147 million, which corresponds to the value of the benefit received in return for the unlawful payments.

C. <u>Culpability Score</u>: Based upon USSG §8C2.5, the culpability score is 8, summarized as follows:

|     |                                                                                                                                                                                      |     |
| --- | ------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------ | --- |
| (a) | Base Culpability Score                                                                                                                                                               | 5   |
| (b)(2) | The relevant organization had 5,000 or more employees, and individuals within high-level personnel participated in, condoned, or were willfully ignorant of the offense          | +5  |
| (g) | The organization fully cooperated in the investigation and clearly demonstrated recognition and affirmative acceptance of responsibility for its criminal conduct                 | -2  |
|     | Total                                                                                                                                                                                | 8   |

D. <u>Calculation of Fine Range</u>: Based upon USSG § 8C2.7, the fine range is calculated as follows:

| Base Fine   | $147 million                 |
| ----------- | ---------------------------- |
| Multipliers | 1.6/3.2                      |
| Fine Range  | $235.2 million/$470.4 million |

Total agrees to pay a monetary penalty that is within the Guidelines range in the amount of $245,200,000. Total agrees to pay this monetary penalty to the United States Treasury within ten days of the execution of this agreement. The $245.2 million penalty is final and shall not be refunded. Furthermore, nothing in this Agreement shall be deemed an agreement by the Department that, in the event of a breach of this Agreement, the $245.2 million amount is the maximum penalty that may be imposed in any future prosecution, and the Department is not precluded from arguing in any future prosecution that the Court should impose a higher fine, although the Department agrees that under those circumstances, it will recommend to the Court

that the amount paid under this Agreement should be offset against any fine the Court imposes as part of a future judgment. Total acknowledges that no United States tax deduction may be sought in connection with the payment of any part of this $245.2 million penalty.

### Conditional Release from Criminal Liability

7. Subject to Paragraph 16, the Department agrees, except as provided herein, that it will not bring any criminal or civil case against Total or any of its wholly owned or controlled subsidiaries related to the conduct described in the attached Statement of Facts or relating to information that Total disclosed to the Department prior to the date on which the Agreement was signed. However, the Department may use any information related to the conduct described in the attached Statement of Facts against Total: (a) in a prosecution for perjury or obstruction of justice; (b) in a prosecution for making a false statement; (c) in a prosecution or other proceeding relating to any crime of violence; or (d) in a prosecution or other proceeding relating to a violation of any provision of Title 26 of the United States Code.

    a. This Paragraph does not provide any protection against prosecution for any future conduct by Total.

    b. In addition, this Paragraph does not provide any protection against prosecution of any present or former officer, director, employee, shareholder, agent, consultant, contractor, or subcontractor of Total for any violations committed by them.

### Corporate Compliance Program

8. Total represents that it has implemented and will continue to implement a compliance and ethics program designed to prevent and detect violations of the FCPA, the anti-corruption provisions of French law, and other applicable anti-corruption laws throughout its

operations, including those of its affiliates, agents, and joint ventures, and those of its contractors and subcontractors, with responsibilities that include interacting with foreign officials or other high risk activities. Implementation of these policies and procedures shall not be construed in any future enforcement proceeding as providing immunity or amnesty for any crimes not disclosed to the Department as of the date of signing of this Agreement for which Total would otherwise be responsible.

9. In order to address any deficiencies in its internal controls, policies, and procedures, Total represents that it has undertaken, and will continue to undertake in the future, in a manner consistent with all of its obligations under this Agreement, a review of its existing internal controls, policies, and procedures regarding compliance with the FCPA, the anti-corruption provisions of French law, and other applicable anti-corruption laws. If necessary and appropriate, Total will adopt new or modify existing internal controls, policies, and procedures in order to ensure that Total maintains: (a) a system of internal accounting controls designed to ensure the making and keeping of fair and accurate books, records, and accounts; and (b) a rigorous anti-corruption compliance code, standards, and procedures designed to detect and deter violations of the FCPA, the anti-corruption provisions of French law, and other applicable anti-corruption laws. The internal controls system and compliance code, standards, and procedures will include, but not be limited to, the minimum elements set forth in Attachment C, which is incorporated by reference into this Agreement.

## Corporate Compliance Monitor

10. Within sixty (60) calendar days of the filing of the Agreement and the accompanying Information, or promptly after the Department's selection pursuant to Paragraph 11 below, Total agrees to retain an independent compliance monitor (the "Monitor") who is a French

national for the term specified in Paragraph 13. The Monitor's duties and authority, and the obligations of Total with respect to the Monitor and the Department, are set forth in Attachment D, which is incorporated by reference into this Agreement. Within thirty (30) calendar days after the execution of this Agreement, and after consultation with the Department, Total will propose to the Department a pool of three qualified candidates to serve as the Monitor. If the Department, in its sole discretion, is not satisfied with the candidates proposed, the Department reserves the right to seek additional nominations from Total. The Monitor candidates shall have, at a minimum, the following qualifications:

    a. demonstrated expertise with respect to the FCPA, the anti-corruption provisions of French law, and other applicable anti-corruption laws, including experience counseling on FCPA issues;

    b. experience designing and/or reviewing corporate compliance policies, procedures and internal controls, including FCPA and anti-corruption policies, procedures and internal controls;

    c. the ability to access and deploy resources as necessary to discharge the Monitor's duties as described in the Agreement; and

    d. sufficient independence from Total to ensure effective and impartial performance of the Monitor's duties as described in the Agreement.

    11. The Department retains the right, in its sole discretion, to choose the Monitor from among the candidates proposed by Total, though Total may express its preference(s) among the candidates. If the Monitor resigns or is otherwise unable to fulfill his or her obligations as set out herein and Attachment D, Total shall within sixty (60) calendar days recommend a pool of three

qualified Monitor candidates from which the Department will choose a replacement.

12. Total agrees that it will not employ or be affiliated with the Monitor for a period of not less than one year from the date on which the Monitor's term expires.

13. The Monitor's term shall be three (3) years from the date on which the Monitor is retained by Total, subject to extension or early termination as described in Paragraph 3.

## Deferred Prosecution

14. In consideration of: (a) the past and future cooperation of Total described in Paragraphs 4 and 5 above; (b) Total's payment of a monetary criminal penalty of $245,200,000; and (c) Total's implementation and maintenance of remedial measures, and independent review and audit of such measures, including the compliance code and review by the Monitor as described in Paragraphs 8 through 11 above, the Department agrees that any prosecution of Total for the conduct set forth in the attached Statement of Facts be and hereby is deferred for the Term of this Agreement.

15. The Department further agrees that if Total fully complies with all of its obligations under this Agreement, the Department will not continue the criminal prosecution against Total described in Paragraph 1 and, at the conclusion of the Term, this Agreement shall expire. Within thirty (30) days of the Agreement's expiration, the Department shall seek dismissal with prejudice of the criminal Information filed against Total described in Paragraph 1.

## Breach of the Agreement

16. If, during the Term of this Agreement, the Department determines, in its sole discretion, that Total has (a) committed any felony under federal law subsequent to the signing of this Agreement, (b) at any time provided in connection with this Agreement deliberately false,

incomplete, or misleading information, (c) failed to cooperate as set forth in Paragraph 5 of this Agreement; (d) failed to implement an enhanced compliance program as set forth in Paragraphs 8 and 9 of this Agreement and Attachment C; or (e) otherwise breached the Agreement, Total shall thereafter be subject to prosecution for any federal criminal violation of which the Department has knowledge, including the charges in the Information, which may be pursued by the Department in the U.S. District Court for the Eastern District of Virginia. Any such prosecution may be premised on information provided by Total. Any such prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against Total notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the expiration of the Term plus one year. Thus, by signing this Agreement, Total agrees that the statute of limitations with respect to any such prosecution that is not time-barred on the date of the signing of this Agreement shall be tolled for the Term plus one year.

17. In the event that the Department determines that Total has breached this Agreement, the Department agrees to provide Total with written notice of such breach prior to instituting any prosecution resulting from such breach. Total shall, within thirty (30) days of receipt of such notice, have the opportunity to respond to the Department in writing to explain the nature and circumstances of such breach, as well as the actions Total has taken to address and remediate the situation, which explanation the Department shall consider in determining whether to institute a prosecution.

18. In the event that the Department determines that Total has breached this Agreement: (a) all statements made by or on behalf of Total to the Department or to the Court, including the attached Statement of Facts, and any testimony given by Total before a grand jury, a

court, or any tribunal, or at any legislative hearings, whether prior or subsequent to this Agreement, or any leads derived from such statements or testimony, shall be admissible in evidence in any and all criminal proceedings brought by the Department against Total; and (b) Total shall not assert any claim under the United States Constitution, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements made by or on behalf of Total prior or subsequent to this Agreement, and any leads derived therefrom, should be suppressed. The decision whether conduct or statements of any current director or employee, or any person acting on behalf of, or at the direction of, Total, will be imputed to Total for the purpose of determining whether Total has violated any provision of this Agreement shall be in the sole discretion of the Department.

19. Total acknowledges that the Department has made no representations, assurances, or promises concerning what sentence may be imposed by the Court if Total breaches this Agreement and this matter proceeds to judgment. Total further acknowledges that any such sentence is solely within the discretion of the Court and that nothing in this Agreement binds or restricts the Court in the exercise of such discretion.

### Sale or Merger of Total

20. Total agrees that in the event it sells, merges, or transfers all or substantially all of its business operations as they exist as of the date of this Agreement, whether such sale is structured as a stock or asset sale, merger or transfer, it shall include in any contract for sale, merger, or transfer a provision binding the purchaser, or any successor in interest thereto, to the obligations described in this Agreement.

## Public Statements by Total

21. Total expressly agrees that it shall not, through present or future attorneys, officers, directors, employees, agents or any other person authorized to speak for Total make any public statement, in litigation or otherwise, contradicting the acceptance of responsibility under United States law by Total set forth above or the facts described in the attached Statement of Facts. Any such contradictory statement shall, subject to cure rights of Total described below, constitute a breach of this Agreement and Total thereafter shall be subject to prosecution as set forth in Paragraphs 16-19 of this Agreement. The decision whether any public statement by any such person contradicting a fact contained in the Statement of Facts will be imputed to Total for the purpose of determining whether it has breached this Agreement shall be at the sole discretion of the Department. If the Department determines that a public statement by any such person contradicts in whole or in part a statement contained in the Statement of Facts, the Department shall so notify Total, and Total may avoid a breach of this Agreement by publicly repudiating such statement(s) within five (5) business days after notification. Total shall be permitted to raise defenses and to assert affirmative claims in other proceedings relating to the matters set forth in the Statement of Facts provided that such defenses and claims do not contradict, in whole or in part, a statement contained in the Statement of Facts. This Paragraph does not apply to any statement made by any present or former officer, director, or employee of Total in the course of any criminal, regulatory, or civil case initiated against such individual, unless such individual is speaking on behalf of Total.

22. Total agrees that if it or any of its direct or indirect affiliates or subsidiaries issues a press release or holds any press conference in connection with this Agreement, Total shall first

consult the Department to determine (a) whether the text of the release or proposed statements at the press conference are true and accurate with respect to matters between the Department and Total; and (b) whether the Department has no objection to the release or proposed statements.

23. The Department agrees to bring to the attention of governmental and other debarment authorities the facts and circumstances relating to the nature of the conduct underlying this Agreement, including the nature and quality of Total's cooperation and remediation. By agreeing to provide this information to debarment authorities, the Department is not agreeing to advocate on behalf of Total, but rather is providing facts to be evaluated independently by the debarment authorities.

### Limitations on Binding Effect of Agreement

24. This Agreement is binding on Total and the Department but specifically does not bind any other federal agencies, or any state, local or foreign law enforcement or regulatory agencies, or any other authorities, although the Department will bring the cooperation of Total and its compliance with its other obligations under this Agreement, to the attention of such agencies and authorities if requested to do so by Total.

### Notice

25. Any notice to the Department under this Agreement shall be given by personal delivery, overnight delivery by a recognized delivery service, or registered or certified mail, addressed to the Deputy Chief – FCPA Unit, Fraud Section, Criminal Division, U.S. Department of Justice, Fourth Floor, 1400 New York Avenue, N.W., Washington, D.C. 20005. Any notice to Total under this Agreement shall be given by personal delivery, overnight delivery by a recognized delivery service, or registered or certified mail, addressed to Peter Herbel (or his

successor), General Counsel, Total, SA, 2, Place de la Coupole, La Defense 6, Paris, La Defense Cedex 92708 France, and Robert D. Luskin, Patton Boggs, LLP, 2550 M Street, NW, Washington, D.C. 20037. Notice shall be effective upon actual receipt by the Department or Total.

### Complete Agreement

26. This Agreement sets forth all the terms of the agreement between Total and the Department. No amendments, modifications or additions to this Agreement shall be valid unless they are in writing and signed by the Department, the attorneys for Total and a duly authorized representative of Total.

**AGREED:**

**FOR TOTAL, S.A.:**

Date: May 23, 2013              By: _____
                                    Peter Herbel
                                    Senior Vice-President and General Counsel
                                    Total, SA


Date: 23/M/2013                 By: _____
                                    Robert D. Luskin
                                    Patton Boggs LLP

FOR THE DEPARTMENT OF JUSTICE:

                                JEFFREY H. KNOX
                                Chief, Fraud Section

Date: May 28, 2013                 By:   /s/ A. Gentin
                                ANDREW GENTIN
                                Trial Attorney, Fraud Section

                                United States Department of Justice
                                Criminal Division
                                1400 New York Ave., N.W.
                                Washington, D.C.  20005
                                Phone:  (202) 514-2000
                                Fax:    (202) 514-7021
                                Email:  andrew.gentin@usdoj.gov


                                NEIL H. MacBRIDE
                                UNITED STATES ATTORNEY

Date: 5-28-2013                  By:   /s/ Charles Connolly
                                CHARLES F. CONNOLLY
                                Assistant U.S. Attorney

                                U.S. Attorney's Office
                                2100 Jamieson Avenue
                                Alexandria, VA 22314
                                Phone:  (703) 299-3700
                                Fax:    (703) 299-3981
                                Email:charles.connolly@usdoj.gov

## GENERAL COUNSEL'S CERTIFICATE

I have read this Agreement and carefully reviewed every part of it with outside counsel for Total, S.A. ("Total"). I understand the terms of this Agreement and voluntarily agree, on behalf of Total, to each of its terms. Before signing this Agreement, I consulted outside counsel for Total. Counsel fully advised me of the rights of Total, of possible defenses, of the Sentencing Guidelines' provisions, and of the consequences of entering into this Agreement.

I have carefully reviewed the terms of this Agreement with the Board of Directors of Total. I have advised and caused outside counsel for Total to advise the Board of Directors fully of the rights of Total, of possible defenses, of the Sentencing Guidelines' provisions, and of the consequences of entering into the Agreement.

No promises or inducements have been made other than those contained in this Agreement. Furthermore, no one has threatened or forced me, or to my knowledge any person authorizing this Agreement on behalf of Total, in any way to enter into this Agreement. I am also satisfied with outside counsel's representation in this matter. I certify that I am General Counsel for Total and that I have been duly authorized by Total to execute this Agreement on behalf of Total.

Date: May 23, 2013

TOTAL, S.A.

By: _____
Peter Herbel
Senior Vice-President and General Counsel

## CERTIFICATE OF U.S. COUNSEL

I am counsel for Total, S.A. ("Total") in the matter covered by this Agreement. In connection with such representation, I have examined relevant Total documents, and have discussed the terms of this Agreement with outside counsel for the Total Board of Directors. Based on our review of the foregoing materials and discussions, I am of the opinion that the representative of Total has been duly authorized to enter into this Agreement on behalf of Total and that this Agreement has been duly and validly authorized, executed, and delivered on behalf of Total and is a valid and binding obligation of Total. Further, I have carefully reviewed the terms of this Agreement with outside counsel for the Board of Directors and the General Counsel of Total. I have fully advised them of the rights of Total, of possible defenses, of the Sentencing Guidelines' provisions and of the consequences of entering into this Agreement. To my knowledge, the decision of Total to enter into this Agreement, based on the authorization of the Board of Directors, is an informed and voluntary one.

Date: 23 MAY, 2013      By: _____
                            Robert D. Luskin
                            Patton Boggs LLP
                            Counsel for Total, S.A.

## CERTIFICATE OF FRENCH COUNSEL

I am counsel for Total, S.A. ("Total") in the matter covered by this Agreement. In connection with such representation, I have examined relevant Total documents, and have discussed the terms of this Agreement with U.S. counsel and the Total Board of Directors. Based on our review of the foregoing materials and discussions, I am of the opinion that the representative of Total has been duly authorized to enter into this Agreement on behalf of Total and that this Agreement has been duly and validly authorized, executed, and delivered on behalf of Total and is a valid and binding obligation of Total. Further, I have carefully reviewed the terms of this Agreement with U.S. counsel and the Board of Directors and the General Counsel of Total. I have fully advised them of the rights of Total, of possible defenses, of the Sentencing Guidelines' provisions and of the consequences of entering into this Agreement. To my knowledge, the decision of Total to enter into this Agreement, based on the authorization of the Board of Directors, is an informed and voluntary one.

Date: 23 Mai , 2013   By: _____
                            Daniel Soulez Lariviere